UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO PENA,

Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS,

Defendant.

26-CV-5079 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is detained at Westchester County Jail, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated June 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court dismisses the Westchester County Department of Corrections ("WCDOC") as Defendant, and adds the County of Westchester (the "County") as a Defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court also directs service on the County.

## DISCUSSION

### A. The Westchester County Department of Corrections

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In pro se actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule,

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, No. 25-CV-10273, 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). Courts have also invoked Rule 21 to add a municipality as a defendant in an action, even though the municipality was not named as a defendant in the complaint, because it was clear that the plaintiff intended to name the municipality as a defendant but mistakenly did not do so.[2] *See, e.g.*, *Glover v. N.Y.C. Dep't of Corrs.*, No. 25-CV-1174, 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025).

Because the WCDOC is an entity of Westchester County, the Court replaces this Defendant with the County pursuant to Rule 21. *See Rodriguez v. Dutchess Cnty. Justice & Transition Ctr.*, No. 26-CV-2673, 2026 WL 1649609, at *2 (S.D.N.Y. June 8, 2026) (substituting the County of Dutchess for the DCJTC as a Defendant pursuant to Rule 21); *see also Garcia v. Dutchess County*, 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) ("[T]he Dutchess County Sheriff's Office contends that it is not a suable entity . . . . [A]s Dutchess County itself remains a defendant in this action, [Plaintiff] will not be prejudiced by the removal of the Sheriff's Office as a named defendant."), *aff'd in part, dismissed in part*, 603 F. App'x 61 (2d Cir. 2015) (summary order). The Court's adding of the County of Westchester as a Defendant in this Action will not prejudice any defenses it may raise in this Action.

---

[2] Generally, "[u]nder New York law, agencies which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also Edwards v. Arocho*, 125 F. 4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter."); N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Under Rule 21, courts have substituted municipalities for their agencies as defendants. *See, e.g.*, *Andradez v. Orange Cnty. Sheriff's Office*, No. 20-CV-2050, 2020 WL 3618410, at *2–3 (S.D.N.Y. July 1, 2020) (substituting Orange County for the Orange County Sherriff's Office, which the plaintiff named in the complaint).

### B. Service on Named Defendant

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Westchester County. The Clerk of Court is further instructed to issue a summons for the County and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

[3] Although the summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If the complaint is not served within 90 days from the date a summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendant must serve responses to these standard discovery requests. In their responses, Defendant must quote each request verbatim.[4]

**D. Application for Pro Bono Counsel**

While Plaintiff has not formally requested pro bono counsel, his complaint mentions a request for such. (*See* Compl. (Dkt. No. 1)). Accordingly, the Court attaches the Application for the Court to Request Pro Bono Counsel and advises the Plaintiff to fill out the attached form and file on the docket should he wish to seek Pro Bono Counsel.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. The Clerk of Court is further instructed to issue a summons for Defendant WCDOC, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated: August 27, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR DEFENDANT**

1. Westchester County
   Westchester County Attorney's Office
   148 Martine Avenue
   White Plains, N.Y. 10601